Louis H. Shereff and Anna L. Shereff, Petitioners *v.* Commissioner of Internal Revenue, Respondent

Docket No. 19383–80.     Filed November 19, 1981.

*Louis H. Shereff*, pro se.
*Robert J. Alter*, for the respondent.

OPINION

Tietjens, *Judge*: Respondent determined a deficiency of $16,743.62 in petitioners' 1977 Federal income tax. The sole issue for decision is whether, in determining the amount of realized gain or loss from the liquidation and distribution to them of Petro Realty Corp.'s assets under section 333,[1] petitioners, who are qualified electing shareholders, must use the fair market value of appreciated real property owned by the corporation and distributed to them.

This case was fully stipulated pursuant to Rule 122, Tax Court Rules of Practice and Procedure. The stipulation of facts and attached exhibits are incorporated herein by reference.

At the time of filing their petition, petitioners resided in Bronxville, N.Y. Petitioners timely filed their joint Federal income tax return for 1977.

Petro Realty Corp. (hereinafter Petro), a New York corporation formed on June 19, 1972, owned land and buildings in Astoria, N.Y., as well as other assets consisting of cash and securities acquired after December 31, 1953. As of March 30,

---

[1]All statutory references are to the Internal Revenue Code of 1954, as amended and in effect for the year in issue, unless otherwise stated.

1977, Petro had outstanding 180 shares of common stock of which petitioners owned 60 shares with a basis of $23,500.25.

On March 30, 1977, Petro's shareholders met and voted to liquidate completely pursuant to section 333 and to distribute all of Petro's assets to the shareholders in complete liquidation and redemption of all their shares within the calendar month of April 1977. Additionally, the shareholders voted to distribute Petro's assets subject to the outstanding liabilities of the corporation.

By April 15, 1977, Petro had accomplished its liquidation and distributions in full compliance with section 333. Upon distribution, petitioners received cash of $5,234.34, securities (acquired after December 31, 1953) having a fair market value of $21,637.50, the cancellation of a loan to them of $9,600 and a one-third interest in the real property located in Astoria, N.Y. At that time, the real estate had a book value of $1,161,983.27, was subject to an outstanding mortgage of $1,234,328.67, and had a fair market value of $1,343,750. Also as of that date, Petro had outstanding liabilities of $446.31 which the shareholders assumed, a net operating loss of $57,145.16, and no accumulated earnings and profits.

Petitioners now maintain that they are entitled to a capital loss of $11,292.31 in connection with the disposition of their 60 shares of Petro stock, calculated as follows: [2]

| | | |
|---|---:|---:|
| Cash | | $5,234.34 |
| Loans to stockholders | | 9,600.00 |
| Securities at market | | 21,637.50 |
| Real Estate—one-third of book value of $1,161,938.27 | | 387,327.76 |
| Total gross received | | 423,799.60 |
| Less liabilities assumed: | | |
| One-third of mortgage of $1,234,328.67 | $411,442.89 | |
| One-third of other liabilities of $446.31 | 148.77 | 411,591.66 |
| Net amount received on liquidation | | 12,207.94 |
| Cost of basis of stock | | 23,500.25 |
| Net loss on liquidation | | (11,292.31) |

---

[2] On their 1977 return, petitioners reported a loss of $6,076.83, determined as follows:

| | |
|---|---:|
| Gross sales price | $17,423.42 |
| Cost or other basis | 23,500.25 |
| Loss | (6,076.83) |

Respondent, however, using the fair market value of the property petitioners received, determined that petitioners must recognize a long-term capital gain of $36,471.84, computed as follows:

| | |
|---|---:|
| Cash | $5,234.34 |
| Securities (acquired after Dec. 31, 1953) | 21,637.50 |
| Loans to stockholders | 9,600.00 |
| Building (net of mortgage) | 36,474.00 |
| Total distribution | 72,945.84 |
| Adjusted basis of capital stock | 23,500.25 |
| Realized gain | 49,445.59 |
| Recognized long-term capital gain | 36,471.84 |

Petitioners argue that their computation is correct since the unrealized appreciation in the value of the real estate should not be recognized to the shareholders of a corporation in a liquidation pursuant to section 333, that if section 1.333–4, Income Tax Regs., requires the inclusion of the fair market value of the real estate, it is void to that extent, and that, pursuant to section 331, the loss on liquidation is recognized in 1977, as that is the year of liquidation and distribution.

Respondent, on the other hand, contends that, under section 1001, a shareholder realizes gain or loss upon liquidation of a corporation to the extent of the difference between the adjusted basis of his stock and the fair market value of property comprising the liquidating distribution. Section 333, respondent argues, merely defines the extent to which a qualified electing shareholder must recognize gain.

We hold for the respondent.

Section 1001(b) defines the amount realized from the sale or other disposition of property as the sum of any money received plus the fair market value of the property (other than money) received. Section 1001(c) provides for the recognition of gain or loss "Except as otherwise provided in this subtitle" in the entire amount realized under this section.

Section 333 provides for an election as to recognition of gain in certain liquidations. Under section 333, a qualified electing shareholder must recognize gain to the extent of the greater of (1) his ratable share of the corporation's earnings and profits accumulated after February 28, 1913, and (2) the sum of money received by him and the fair market value of the stock

or securities received by him which were acquired by the liquidating corporation after December 31, 1953. Section 1.333–4(a), Income Tax Regs., provides that gain on amounts received by qualified electing shareholders is to be determined as provided by section 1001.

All of petitioners' arguments are flawed by their confusion of "realization" and "recognition" of gain. Essentially, petitioners equate the inclusion of the fair market value of property other than of money or stocks and securities (acquired after December 31, 1953) in the computation of *realized* gain with the *recognition* of that gain. Although section 333 enables qualified electing shareholders of a liquidating corporation to limit or avoid the recognition of gain on the liquidating distribution, it does not usurp the general rule of section 1001 relating to the computation of gain or loss on a taxable disposition such as a corporate liquidation, but simply permits qualified electing shareholders to withdraw appreciated property from a corporation without significant tax burden where the corporation has little or no accumulated earnings and profits, cash, or stock or securities acquired after 1953. S. Rept. 1622, 83d Cong., 2d Sess. 256 (1954).

The language of the statute is plain; it concerns "recognition" of gain. Nowhere in the statute is there a suggestion that realized gain is to be determined in a manner different from that provided by section 1001. Here, petitioners realized a gain in the amount of $49,445.59; however, because of the tax benefit petitioners received under section 333, they are only required to recognize a gain of $36,471.84.

Petitioners argue that section 1.333–4, Income Tax Regs., which refers to section 1001 and which, in its examples illustrating recognition of gain, uses fair market value for all property distributed in a section 333 liquidation in computing realized gain is void.

An interpretive regulation must be sustained unless unreasonable and plainly inconsistent with the revenue statute. *Commissioner v. South Texas Lumber Co.*, 333 U.S. 496, 501 (1948). Because section 333 explicitly provides only for "recognition" of gain by qualified electing shareholders and does not provide for a method of computing realized gain, we find that the regulation is entirely consistent with the statute and not unreasonable. Moreover, we can find nothing in the legislative

history of section 333 to indicate that Congress intended a different application of the statute.

For all of the foregoing reasons,

*Decision will be entered for the respondent.*

---

[1]Unless otherwise indicated, all statutory references are to the Internal Revenue Code of 1954 as amended and in effect during the taxable year in issue.